IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEANNIE WOOLSLAYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| LEE C. MOORE, INC., a/k/a WOOLSLAYER COMPANIES, INC; RANDY WOLF, IN HIS CAPACITIES AS VOTING TRUSTEE FOR THE ROBERT T. WOOLSLAYER GST TRUST, VOTING TRUSTEE FOR THE HOMER WOOLSLAYER GST TRUST, VOTING TRUSTEE FOR THE JOHN WOOLSLAYER GST TRUST, and VOTING TRUSTEE OF THE JOSEPH WOOLSLAYER GST TRUST; ROBERT T. WOOLSLAYER; HOMER WOOLSLAYER; JOHN WOOLSLAYER; and JOSEPH WOOLSLAYER, INDIVIDUALLY, AND IN THEIR CAPACITIES AS CO-TRUSTEES OF THE WOOLSLAYER GST TRUSTS, | § | Civil Action No. **3:19-CV-2360-L** |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Jeannie Woolslayer's Motion to Remand and Motion for Attorneys' Fees (Doc. 5), filed October 23, 2019; Defendant Robert T. Woolslayer, John Woolslayer, Homer Woolslayer, and Joseph Woolslayer's Motion to Dismiss or, Alternatively, to Transfer Venue (Doc. 6), filed October 24, 2019; and Plaintiff's Motion to Dismiss Certain Defendants Under Rule 41 (Doc. 19), filed November 21, 2019. After careful consideration of the motions, response, reply, record in this action, and the applicable law, the court **grants** Plaintiff's Motion to Remand and Motion for Attorneys' Fees (Doc. 5); and **declines** to address the merits of

**Memorandum Opinion and Order -  Page 1**

Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue (Doc. 6) and Plaintiff's Motion to Dismiss Certain Defendants Under Rule 41 (Doc. 19).

**I.     Background**

On July 30, 2019, Plaintiff Jeannie Woolslayer ("Plaintiff" or "Ms. Woolslayer") filed this action against Defendants Lee C. Moore, Inc. a/k/a Woolslayer Companies, Inc. ("WCI"), Randy Wolf ("Mr. Wolf"),[1] Robert T. Woolslayer, Homer Woolslayer, John Woolslayer, and Joseph Woolslayer, asserting claims for (1) breach of contract against WCI; and (2) tortious interference with an existing contract against Robert, Homer, John, and Joseph Woolslayer (collectively, the "Woolslayer Brothers"). These claims arise out of Ms. Woolslayer's attempt to redeem her shares of WCI at the fair market value, as established in the Redemption Agreement at issue.

On October 3, 2019, Defendants Joseph Woolslayer ("Joe") and John Woolslayer ("John")[2] removed this action on the basis of diversity of citizenship, asserting that Mr. Wolf, a Texas citizen, was a "sham defendant" and fraudulently joined to this action.[3] Specifically, Joe and John contend that Ms. Woolslayer (1) added Mr. Wolf for the purpose of defeating diversity jurisdiction; and (2) is in collusion with Mr. Wolf, as evidenced by their similar motions to dismiss that were filed in the Oklahoma District Court trust action ("Oklahoma Trust Action").[4]

---

[1] Ms. Woolslayer is suing Mr. Wolf in his capacity as voting trustee of the Robert T. Woolslayer GST Trust, the John Woolslayer GST Trust, the Homer Woolslayer GST Trust, and the Joseph Woolslayer GST Trust (collectively, the "Woolslayer GST Trusts). These trusts hold the voting share of WCI. Since Ms. Woolslayer filed this action, Mr. Wolf has resigned as trustee of the Woolslayer GST Trusts.

[2] The court means no disrespect by the use of the names "Joe" and "John." A title is omitted for the sake of clarity and brevity.

[3] Joe and John assert that all Defendants, with the exception of Randy Wolf, joined or consented to the removal of this action. The court notes, however, that the Certificate of Conference does not indicate any such agreement. Thus, the court cannot reasonably ascertain whether the other Defendants consented to removal. With regard to Mr. Wolf, Joe and John contend that "his consent is not required because he is a sham defendant." Defs.' Notice 6 n.2.

[4] The Woolslayer Brothers brought an action in a District Court in Tulsa County, Oklahoma, for administration and instructions of the Woolslayer GST Trusts. Both Ms. Woolslayer and Mr. Wolf were named as defendants.

Additionally, Joe and John contend that Ms. Woolslayer does not assert any cause of action against Mr. Wolf, and, thus, no case or controversy exists between the two. On October 23, 2019, Ms. Woolslayer filed her Motion to Remand and Motion for Attorneys' Fees, in which she asserts that Mr. Wolf is a proper party and that the removal of this action is untimely.

Since the filing of Ms. Woolslayer's Motion to Remand (Doc. 5), Defendants have filed a Motion to Dismiss or, Alternatively, to Transfer Venue (Doc. 6), and Ms. Woolslayer has filed a Motion to Dismiss Certain Defendants Under Rule 41 (Doc. 19). Before considering the latter two motions, the court must first determine whether it has subject matter jurisdiction over this action.

## II. Motion for Remand

Joe and John seek removal of this action based on the alleged fraudulent joinder of Mr. Wolf. Based on the allegations in the Notice of Removal, they assert removal is proper based on alleged collusion between Ms. Woolslayer and Mr. Wolf; and Ms. Woolslayer's inability to establish a cause of action against Mr. Wolf. The court will address each assertion in turn.

### A. Improper Joinder

*1. Legal Standard – Improper Joinder*

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 571 n.1. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, Joe and John have the burden to establish that Mr. Wolf was joined by Ms. Woolslayer to defeat federal jurisdiction.

**Memorandum Opinion and Order - Page 3**

*Id.* at 575. The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, Joe and John must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Joe and John do not assert that Ms. Woolslayer committed actual fraud in the pleading of jurisdictional facts. Instead, they contend that "[t]he law is well-established that a plaintiff may not collude with a defendant for the purpose of invoking the jurisdiction of a federal court," pursuant to 28 U.S.C. § 1359, and that the improper joinder standard is a corollary of this rule. Defs.' Resp. 9-10. Thus, they assert that "[f]raudulent joinder . . . provid[es] that a plaintiff may not collude with a defendant for the purpose of defeating

the removal of jurisdiction of a federal court."[5] *Id.* at 10. Accordingly, Joe and John assert that Ms. Woolslayer and Mr. Wolf are conspiring and colluding to allow Ms. Woolslayer to gain control over WCI; and that Ms. Woolslayer added Mr. Wolf, a Texas citizen, as a defendant to this lawsuit for the purpose of defeating diversity. Thus, on this basis, they contend that Mr. Wolf is improperly joined.

Joe and John also allege that Ms. Woolslayer does not state any cause of action against Mr. Wolf and does not have any intent to prosecute a case against him. Thus, according to Joe and John, Mr. Wolf is improperly joined on this basis as well. Under this test for improper joinder, the court must consider "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted). "This possibility, however, must be reasonable, not merely theoretical." *Id*. If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded. *Smallwood*, 385 F.3d at 575. In making this determination regarding improper joinder, a court does not "decide

---

[5] The court notes that while Joe and John contend that this is well-settled law, they do not cite any applicable authority supporting their position. Instead, they make their assertions about collusion and conspiracy in the context of the second prong of the improper joinder standard, despite arguing them as two separate bases to federal jurisdiction.

whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted). To determine whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

In *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, the Fifth Circuit addressed whether the state or federal pleadings standard applies to the issue of

improper joinder, holding that a federal court must apply the federal pleading standard. 818 F.3d 193, 208 (5th Cir. 2016). The federal pleading standard is that used for addressing a motion under Federal Rule of Civil Procedure 12(b)(6).

   2. *Analysis*

Joe and John contend that Ms. Woolslayer improperly joined Mr. Wolf because the two are in collusion, as evidenced by their actions in the Oklahoma Trust Action. Specifically, they assert that Ms. Woolslayer and Mr. Wolf filed nearly identical motions to dismiss in that action. Additionally, they highlight that Ms. Woolslayer and Mr. Wolf entered into an Agreed Temporary Restraining Order in the Texas state court proceedings.[6] Joe and John also contend that Mr. Wolf's actions constitute a breach of his fiduciary duties to the Woolslayer Brothers because of his role as trustee of the Woolslayer GST Trusts. Accordingly, they assert that these alleged acts of collusion demonstrate that Ms. Woolslayer added Mr. Wolf for the purpose of "intentionally depriving" them of the ability to remove this action, and, thus, he is improperly joined as a defendant.

The court disagrees. While Joe and John categorize Ms. Woolslayer and Mr. Wolf's actions in the Oklahoma Trust Action as evidence of collusion, they fail to acknowledge that both Ms. Woolslayer and Mr. Wolf were named defendants in that action. That procedural posture was different than the present action, in which Ms. Woolslayer is the plaintiff. Aside from the evident collaboration between Ms. Woolslayer's counsel and Mr. Wolf's counsel, which Ms. Woolslayer does not dispute, nothing alleged in the Notice of Removal, or in Joe and John's response to the motion to remand, leads the court to reasonably believe Mr. Wolf's joinder as co-trustee of the Woolslayer GST Trusts is improper. Specifically, the court does not find it unusual or evidence

---

[6] While Joe and John refer to an Agreed TRO, Ms. Woolslayer and Mr. Wolf actually entered into an Agreed Temporary Injunction after the state court issued a TRO.

of a conspiracy that both parties opted to collaborate on their defense in the Oklahoma Trust Action, including the filing of similar motions to dismiss. Similarly, it is not unusual for Mr. Wolf, in his official capacity as trustee and as a defendant in the state court proceedings of this action, to enter into an Agreed Temporary Injunction.

To further support their collusion allegations, Joe and John suggest that Mr. Wolf knew about the present action before it was filed. Ms. Woolslayer states that Mr. Wolf was served with this action at the same time as Defendants and had no knowledge of it until he was served. Joe and John, on the other hand, contend that Ms. Woolslayer failed to prove that Mr. Wolf was not aware of it before he was served and failed to prove that the two are not in collusion. This argument, however, misapprehends the law on this issue and is an improper effort by Joe and John to shift the burden of proof to Ms. Woolslayer. The burden for proving improper joinder is on the party asserting it; thus, Joe and John have the burden to prove improper joinder, not Ms. Woolslayer.

Moreover, fraud may not be established merely because Joe and John disagree with the trial strategy employed by Ms. Woolslayer and Mr. Wolf. Even if Joe and John's allegations based on collusion and conspiracy are true, the court determines that they have not presented any real evidence to establish improper joinder. They have only presented allegations based on mere conjecture and speculation, and such allegations are simply too slender of a reed to support collusion. Thus, to the extent that Joe and John contend that Ms. Woolslayer engaged in fraudulent conduct, their arguments fail. The court now considers whether Mr. Wolf is improperly joined under the second prong of the improper joinder standard.

Joe and John contend that Ms. Woolslayer improperly joined Mr. Wolf as a party to this lawsuit because she "did not sue [Mr.] Wolf for damages, [and] there is no cause of action alleged against [him] in the Petition." Defs.' Resp. 8 (Doc. 20). Ms. Woolslayer asserts that Mr. Wolf is

a necessary party, pursuant to Texas Rules of Civil Procedure 39(a)(1),[7] because he is a trustee of the Woolslayer GST Trusts, which hold all of the voting shares of WCI. According to Ms. Woolslayer, if she is to receive her requested relief from the trusts, Mr. Wolf must be a party to this lawsuit because the Woolslayer Brothers cannot take any action regarding WCI without his vote. In response, Joe and John assert that Mr. Wolf is not a necessary party because Ms. Woolslayer can obtain her requested relief without the inclusion of Mr. Wolf. Specifically, they highlight that all of the allegations in her Petition are against WCI or the Woolslayer Brothers individually. Further, due to Mr. Wolf's resignation on November 15, 2019, Joe and John contend that remanding this action would likely waste judicial resources because the interim trustee, an Oklahoma citizen, will be substituted for Mr. Wolf, thus establishing complete diversity of the parties. This argument is presumptuous and a misapplication of the law.

Despite Joe and John's assertions, Ms. Woolslayer cannot get full relief in this action if Mr. Wolf is not added as a party. As Joe and John state, Ms. Woolslayer's Petition, on its face, asserts a breach of contract claim against WCI as a company, and a tortious interference claim against the Woolslayer Brothers individually. She also sought a TRO against the Woolslayer Brothers and injunctive relief to maintain the status quo of WCI's business structure. Despite Joe and John's assertions, Mr. Wolf's joinder is necessary for Ms. Woolslayer to obtain relief on the breach of contract claim and to obtain injunctive relief against WCI for the following reasons.

WCI is comprised of the Woolslayer GST Trusts, and the trusts have all of the voting shares of the company. As Joe and John acknowledge, Mr. Wolf was the "sole independent trustee of the [Woolslayer] GST Trusts [at the time this action was filed and removed] and hence

---

[7] Texas Rule of Civil Procedure 39(a)(1) provides the following: "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded amount those already parties[.]"

control[ed] the voting shares of WCI."[8] Defs.' Resp. 9. Stated differently, the Woolslayer Brothers cannot take action concerning WCI without the inclusion of Mr. Wolf, and since Ms. Woolslayer seeks to recover from WCI, Mr. Wolf would necessarily have to be involved in those decisions.[9] Thus, for Ms. Woolslayer to obtain full relief through WCI, or the Woolslayer GST Trusts individually, Mr. Wolf must be added as a party. The court, therefore, determines that Mr. Wolf must be included as a necessary party pursuant to Texas Rule of Civil Procedure 39(a).

The court further determines that Mr. Wolf is a necessary party under Texas Property Code 115.011.[10] Because Mr. Wolf was a trustee of the Woolslayer GST Trusts at the time this action was filed and removed, he is a necessary party by Texas statute. The court, therefore, need not consider whether there is a reasonable possibility of recovery against him individually, as any action against WCI and the trusts requires his presence as a necessary party because of his official capacity as trustee. Thus, the court determines that Mr. Wolf is not improperly joined and was properly added as a defendant to this action. As Joe and John have failed to establish removal based on improper joinder, the court must now consider whether any other basis for removal exists.

When considering whether removal is warranted, the court looks at the pleadings at the time the notice of removal is filed. *Brown*, 901 F.2d at 1254. Ms. Woolslayer filed her Petition

---

[8] Joe and John served as the co-trustees of their named trusts.

[9] The court understands that Mr. Wolf is no longer a co-trustee; however, it approaches its analysis based on Mr. Wolf's role at the time this action was filed and at the time of removal.

[10] Texas Property Code 115.011(b) provides:

The necessary parties to such an action [involving trusts] are:

(1) a beneficiary of the trust on whose act or obligation the action is predicated;
(2) a beneficiary of the trust designated by name, other than a beneficiary whose interest has been distributed, extinguished, terminated, or paid;
(3) a person who is actually receiving distributions from the trust estate at the time the action is filed; and
(4) the trustee, if a trustee is serving at the time the action is filed.

in state court on July 30, 2019, and has not amended it. At the time she filed this lawsuit, and at the time of removal, Mr. Wolf was trustee of the Woolslayer GST Trusts and a Texas citizen, which Joe and John do not dispute. Although Mr. Wolf has since resigned and an interim trustee has been appointed, these facts are quite beside the point, as the court may only look to the pleadings at the time of removal. As both Ms. Woolslayer and Mr. Wolf are Texas citizens, no diversity of citizenship exists. Further, nothing has been alleged to demonstrate that federal question jurisdiction exists. For these reasons, the court determines that it does not have further subject matter jurisdiction over this action and must remand it to state court. The court, therefore, **grants** Ms. Woolslayer's Motion to Remand on this basis.

### B. Timeliness of Removal

Even if the court erred in holding no improper joinder is present, remand would be proper because of a procedural defect. As Ms. Woolslayer points out, Joe and John were served with the Petition on August 12, 2019, through the Texas Secretary of State. Pl.'s Mot. to Remand, Ex. 10 (Doc. 5-10). Joe and John had 30 days from that date to file a notice of removal under 28 U.S.C. § 1446. They did not remove the action until October 3, 2019—50 days after service. "Failure to petition for removal within thirty days may render removal improvident within the meaning of 28 U.S.C. § 1447(c)." *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). Failure to remove a case within 30 days under § 1446(b) is a procedural defect that can be waived and does not deprive the court of jurisdiction. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 457 (5th Cir. 1998). Here, however, Ms. Woolslayer did not waive this procedural defect because she timely filed her motion to remand on October 23, 2019, which is 20 days after Joe and John filed their Notice of Removal and within the 30-day time limit required by 28 U.S.C. § 1447(c).

Although they do not explicitly assert this argument, Joe and John appear to contend that their late removal is permissible under 28 U.S.C. § 1446(b)(3), which provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Specifically, Joe and John assert they did not immediately seek removal based on improper joinder until they received "another paper in the form of a clear-cut cooperation" between Ms. Woolslayer's counsel and Mr. Wolf's counsel. Their attempt to trigger the exception under § 1446(b)(3), however, is misguided. First, mere cooperation and collaboration between two parties is not evidence of collusion or a conspiracy. This is a common practice within the legal profession, especially between parties who are similarly situated in a lawsuit. Thus, Joe and John's argument that collaboration somehow equates to collusion is a "weak cup of tea," and is wholly inadequate to trigger the exception.

Second, they ignore the clear instruction that § 1446(b)(3) only applies "if the case stated by the initial pleading is not removable." In their response, Joe and John assert that Ms. Woolslayer's "Texas State Court Petition does not even include a cause of action against [Mr. Wolf]"; this was also one of the assertions made in their Notice for Removal. Defs.' Resp. 2; *see* Defs.' Notice 6 n.2. Specifically, they correctly highlight that Ms. Woolslayer clearly identifies in her Petition against whom each cause of action relates: the breach of contract claim is asserted against WCI only, and the tortious interference claim is against the Woolslayer Brothers individually. On its face, Ms. Woolslayer does not specifically connect Mr. Wolf to the alleged causes of action, and as of this opinion, Ms. Woolslayer has not amended her Petition. Thus, the current basis for removal, based on Joe and John's own assertions, existed at the time they were served on August 12, 2019. Joe and John could have reasonably ascertained at that time that removal was warranted, and, in accordance with § 1446(b)(1), removal was required to take place on or before September 11, 2019 (30 days after service). Since the basis for removal existed at the

time Joe and John were served, the exception under § 1446(b)(3) does not apply; and removal was not warranted. Thus, even if Mr. Wolf were improperly joined and the court had jurisdiction, Joe and John's failure to timely remove is a procedural defect and serves as an alternative basis to remand this action to state court.

III.     **Motion for Attorney's Fees**

Ms. Woolslayer seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

The court has exhaustively examined and explained why improper joinder is not at play here. In doing so, the court relied on well-established precedent of the Supreme Court and Fifth Circuit regarding the jurisdiction of federal courts; and no novel theories of law were advanced by Joe and John that would reasonably justify an expansion of existing precedent. Despite their reliance on conspiracy theories and speculation, no objectively reasonable basis existed to remove this action. Even if Joe and John believed that Ms. Woolslayer had no reasonable possibility of

Memorandum Opinion and Order - Page 13

recovery against Mr. Wolf, they failed to remove this action within the well-established and required time period. Additionally, their allegations of collusion are not supported by any evidence in the record. Thus, the court determines that Joe and John had no objectively reasonable grounds to believe that removal was legally proper or justified at the time they removed this action. Accordingly, Ms. Woolslayer is entitled to an award of reasonable attorney's fees and costs incurred by her in successfully having this action remanded. The court, therefore, **grants** Ms. Woolslayer's request for reasonable attorney's fees and costs.

The court expects the parties to resolve the issue of attorney's fees without court intervention, as "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In the unlikely event that the attorney's fees issue cannot be resolved, Ms. Woolslayer may file a motion with proper documentation and authority that supports her fee application.

**IV.  Conclusion**

For the reasons herein stated, the court **grants** Ms. Woolslayer's Motion to Remand and Motion for Attorneys' Fees (Doc. 5), and **remands** this action to the 298th Judicial District Court of Dallas County, Texas, from which it was removed and **directs** the clerk of court to effect the remand in accordance with the usual procedure. As the court remands this case to state court, it does not make any determine as to the merits of Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue (Doc. 6); or Plaintiff's Motion to Dismiss Certain Defendants Under Rule 41 (Doc. 19).

As previously stated, the court expects the parties to resolve the issue of attorney's fees and costs without the court's intervention. To the extent such attempts fail, Ms. Woolslayer may file a motion and documentation supporting her request for reasonable attorney's fees and costs incurred by **January 13, 2020.** Defendants Joe and John may file a response by **January 28,**

**2020.** *The court retains jurisdiction over this action, but it does so only to rule on any motion filed by Ms. Woolslayer to recover attorney's fees and costs under § 1447(c) in connection with Joe and John's improper removal.*

**It is so ordered** this 27th day of December, 2019.

                                              Sam A. Lindsay
                                              United States District Judge